the scope of his authority, he makes an admission which is part of the res gestæ, such admission is admissible in evidence against his principal, because it is a part of the act; and it is only when the acts of an agent will bind his principal that his representations, declarations, and admissions respecting the subject matter become competent evidence for that purpose: *North Pacific Lumber Company* v. *Willamette Mill Company*, 29 Or. 219 (44 Pac. 286). Eliminating from this case the oral testimony of Lewis as to the nature and extent of his agency, and what purports to be a copy of his commission, introduced in evidence, all which, as we have said, is incompetent, there remains no evidence whatever showing or tending to show that Lewis had authority to adjudicate losses or accept notice and proof thereof; and for this reason the judgment of the court below must be reversed, and the cause remanded for a new trial.

                                        REVERSED.

WOLVERTON, J., being interested in the result, took no part in this decision.

[Decided October 28, 1895.]
## KLOSTERMAN v. MARQUAM.

APPEAL from Multnomah County.

Suit by A. G. Klosterman against P. A. Marquam and others to foreclose a mortgage. Decree for plaintiff, from which this appeal is taken.

*Mitchell, Tanner & Mitchell,* for appellants.

31 Or.—37.

*Bronaugh, McArthur, Fenton & Bronaugh*, for respondent.

The parties having agreed upon a settlement of the disputed matter, and stipulated accordingly, on motion the appeal was dismissed.   No opinion.

DISMISSED.

[Decided October 6, 1896.]
## WATTS *v.* WILTROUT.

APPEAL from Washington County.

Suit by M. M. Watts against John Wiltrout and others to set aside a conveyance and subject certain lands to the payment of a judgment held by plaintiff. Plaintiff and part of the defendants appeal.

*Mr. Thomas H. Tongue*, for appellants.

*Messrs. Samuel B. Huston* and *Barrett & Adams*, for respondents.

Respondent Clara Dixon moves to dismiss the appeal on several grounds.

The appeal was dismissed with costs to respondent Dixon.   No opinion.

DISMISSED.